# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFERY L THOMPSON,**

      **Plaintiff,**

      v.                                Case No. 10-C-357

**WISCONSIN DEPARTMENT OF CORRECTIONS,**
**DAVID H SCHWARZ,**
**Administrator of Hearings and Appeals,**
**JULIA STARK, Supervisor,**
**ANTHONY COLLINS, Parole Agent,**
**STACY CASSENS, Parole Agent,**
**CHRISTY HALL, Attorney,**
**AND JOHN DOES,**

      **Defendants.**

## DECISION AND ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed <u>in forma pauperis</u>. He filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $14.79 and a partial filing fee of $10.40.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass."  Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  The complaint

2

allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is incarcerated at the New Lisbon Correctional Institution. He is suing the Wisconsin Department of Corrections (DOC); David H. Schwarz, Administrator of Hearings and Appeals; Supervisor Julia Stark; Parole Agent Anthony Collins; Parole Agent Stacy Cassens; Attorney Christy Hall; and John Does.

According to the complaint and Exhibit A to the complaint, on August 15, 1991, a Judgment of Conviction was entered in Racine County Case Number 91CF598 indicating

3

that plaintiff pleaded no contest to a charge of violation of Wis. Stat. § 946.49(1)(b) and was sentenced to five years in prison. On August 16, 1991, a Judgment of Conviction was entered in Racine County Case Number 91CF139 indicating that a jury found plaintiff guilty of violating Wis. Stat. § 940.225(2)(a) ("Count 1") and § 940.30 ("Count 3"). Plaintiff was sentenced to prison for ten years consecutive to any other sentence in Count 1, and to prison for two years to run concurrent to Count 1 in Count 3. There is a separate Judgment of Conviction for Count 2 of Case Number 91CF139. In this Judgment of Conviction, which was also entered on August 16, 1991, plaintiff was sentenced to prison for seven years stayed and consecutive to any other sentence and any other count, and also placed on probation for seven years consecutive.

Plaintiff alleges that on December 29, 2007, he was released on maximum discharge for the seven year prison sentence from Count 2 in Case Number 91CF139. He further alleges that on July 21, 2008, Judge Dennis Flynn converted plaintiff's seven year consecutive probation sentence to a concurrent sentence. Despite the alleged conversion, proceedings to revoke plaintiff's probation began on April 27, 2009, and the revocation became final on June 18, 2009. According to plaintiff, because of Judge Flynn's "Amended Judgment of Conviction" the DOC did not have jurisdiction to hear and decide the revocation proceeding. Plaintiff claims that the defendants conspired to keep him in custody on an invalid probation hold and that he is currently illegally incarcerated in violation of the due process clauses of the Fifth and Fourteenth Amendments.

For relief, plaintiff requests that the court issue the DOC a mandatory injunction after a hearing on the merits for his immediate release. He further seeks general damages against the DOC and Attorney Christy Hall as the court presumes appropriate from the type

of wrong complained of, and that upon prevailing substantially on this cause of action, that defendants be ordered to pay no less than $750,000.00 in damages, court costs, out of pocket expenses, attorney fees, if any, and punitive damages.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (emphasis in original). Claims challenging the fact or duration of state confinement are not cognizable under § 1983. Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). This is true whether a claimant seeks an injunction, Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), or seeks damages, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and regardless of the nature of that confinement, "whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment, or disciplinary punishment for the violation of a prison's rules." Antonelli v. Foster, 104 F.3d 899, 900-01 (7th Cir. 1997); see also Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) (finding that Heck bars a § 1983 suit that would necessarily imply the invalidity of a parole revocation).

Plaintiff claims that he is wrongfully incarcerated and that defendants are conspiring to keep him in custody on an invalid probation hold. Judgment in his favor on this claim would necessarily imply the invalidity of his revocation and his confinement. Accordingly, plaintiff's claim is barred by Heck.

The writ of habeas corpus is the exclusive civil remedy for a prisoner seeking release from custody. Glaus v. Anderson, 408 F.3d 382, 386 (7th Cir. 2005) (citing Preiser,

411 U.S. at 489). If plaintiff wishes to pursue his claim, he might have the right to do so by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, plaintiff should be aware that the filing a habeas petition carries with it certain consequences, such as the restriction on filing second or successive habeas petitions. See Glaus, 408 F.3d at 388. Thus, plaintiff should consider these consequences before he includes his claim in a habeas petition. If plaintiff files a habeas petition in this district, he should use the enclosed form. However, I express no view on whether a habeas petition would have merit.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $324.81 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

6

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 25 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge